**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:11-cv-354 |
| ) | |
| CASTEEL CONSTRUCTION CORPORATION, ) | |
| and MEMORIAL HEALTH SYSTEMS, INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Cincinnati Insurance Company filed this declaratory judgment action on September 1, 2011. One of Cincinnati's policy holders, Casteel Construction Corporation, has been sued in an underlying state-court lawsuit by Memorial Health System, Inc. for alleged damages to Memorial's property. Cincinnati has filed the present suit seeking a declaration that it has no obligation to defend or indemnify either Casteel or Memorial in the underlying lawsuit.

Memorial has now filed a motion to dismiss [DE 11], arguing that Cincinnati lacks standing to sue Memorial in this lawsuit because under Indiana's Declaratory Judgment Act law Memorial is not a "person[] interested under a . . . written contract or other writings construing a contract . . . ." Ind. Code 34-14-1-2. Memorial cites no caselaw whatsoever in its two-page memorandum in support of its Motion and opted not to file a reply brief, but its argument is really that this Court lacks subject-matter jurisdiction over a claim by Cincinnati against Memorial because, since Memorial was not a party to any of the underlying Cincinnati insurance contracts, there is no case or controversy pending between Memorial and Cincinnati.

Memorial's position is contrary to black-letter insurance law. It is commonplace for insurers to bring declaratory judgment actions against both an insured and the victim injured by

the insured because if the victim prevails in the underlying lawsuit it could potentially bring a subsequent claim against the insurer. So, although a tort victim's interest does not stem from a contractual relationship with the tortfeasor's insurer, "a tort victim has a practical, albeit only a potential, financial interest in the tortfeasor's insurance policy, and the impairment of such an interest is an injury that will support standing under Article III." *Truck Ins. Exch. v. Ashland Oil, Inc.*, 951 F.2d 787, 789 (7th Cir. 1992). *See also Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-74 (1941) (holding that there was an actual controversy in a declaratory judgment action between an alleged tortfeasor's insurer and the tort victim); *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 682 (7th Cir. 1992) (sufficiently probable case or controversy between injured party and liability insurer to satisfy subject matter jurisdiction requirements even though underlying judgment not yet rendered). It is for this reason that a claimant in an underlying lawsuit is a proper party defendant in a declaratory judgment action to determine the scope of an insured's policy. *See, e.g., Essex Ins. Co. v. Kasten Railcar Servs., Inc.*, 129 F.3d 947, 948 (7th Cir. 1997); *Cmty. Action of Greater Indianapolis, Inc. v. Ind. Farmer's Mut. Ins.*, 708 N.E.2d 882, 885 (Ind. Ct. App. 1999) ("[I]n Indiana, the injured victim of an insured's tort has a legally protectable interest in the insurance policy before he has reduced his tort claim to judgment. Such an interest will support standing under the [Declaratory Judgment] Act.").

    Given this caselaw, there is clearly a sufficiently concrete case or controversy between Cincinnati and Memorial to establish federal subject-matter jurisdiction. Memorial has sued for damages it allegedly suffered at the hands of Casteel, Cincinnati's insured. Although that underlying litigation has not yet been reduced to a judgment against Casteel, the probability that

it will be at some point is not so remote or so slight so as to preclude there being an actual case or controversy between Cincinnati and Memorial.  *See Bankers Trust*, 959 F.2d at 680-81 ("Article III requires only a probabilistic injury.").

Memorial's Motion to Dismiss [DE 11] is therefore **DENIED**.

**SO ORDERED.**

Entered: November 15, 2011.

 s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
